UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SHERYL DEMELLO-EDDY,

      Plaintiff,

      v.                            CASE NO:

MAC ACQUISITION OF DELAWARE, LLC d/b/a ROMANO'S MACARONI GRILL,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SHERYL DEMELLO-EDDY, by and through her undersigned counsel, hereby files this Complaint against Defendant MAC ACQUISITION OF DELAWARE, LLC d/b/a ROMANO'S MACARONI GRILL a Foreign Limited Liability Company ("EZ PURCHASE"), for unpaid compensation, overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states the following:

## NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to ensure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

1. This action is brought under the FLSA to recover unpaid labor wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs from Defendant.

## **PARTIES**

2. Defendant hired Plaintiff as a Server in Orlando, Florida.

3. Plaintiff is a resident of Orlando, Florida.

4. Defendant is a restaurant franchise specializing in dining and catering services.

5. Defendant's principal place of business is located in Denver, Colorado.

6.  Defendant is a Florida Limited Liability Corporation and operates its business within Orange County, Florida.

7.  Defendant is subject to the personal jurisdiction of this court.

## JURISDICION AND VENUE

8.  This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and the FLSA.

9.  Venue is proper in the Middle District of Florida, Pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## FLSA ENTERPRISE COVERAGE

10. At all material times relevant to this action (2022-2023), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

11. At all material times relevant to this action (2022-2023), Defendant made gross earnings of at least $500,000.00 annually.

12. At all material times relevant to this action (2020-2023), Defendant accepted payments from customers based on credit cards issued by out of state banks.

13. At all material times relevant to this action (2020-2023), Defendant routinely ordered materials and supplies from out of state (e.g., food products, kitchen supplies, etc.).

14. At all material times relevant to this action (2020-2023), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling, or otherwise working on materials that have been moved in or produced for interstate commerce (e.g., food products, kitchen supplies, etc.).

15. At all material times relevant to this action (2020-2023), Defendant used U.S. mail to send and receive letters and packages to and from other states.

16. At all times relevant to this action (2020-2023), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff the minimum wage.

17. Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

18. Defendant initially hired Plaintiff as a Server in October 2018.

19. Plaintiff's hourly wage was $5.45 plus all applicable tips and bonuses.

20. In May 2020, Plaintiff's manager, Charlie Harris, began altering Plaintiff's timesheets by reducing the number of hours Plaintiff actually worked.

21. As a consequence of this practice, Plaintiff was not paid at least

minimum wage for all hours worked.

22. When Plaintiff complained about the pay practice, Defendant informed her that a member from the corporate office amended the time sheets.

23. Although, Defendant assured Plaintiff that the situation would be remedied, ultimately, it was not.

24. On or about November 22, 2020, Harris informed Plaintiff he was aware she had begun printing her timesheets.

25. Fearing retaliation from management, because of prior acts, Plaintiff did not respond to Harris' inquiry.

26. Plaintiff worked forty (40) hours per week.

27. Not only were Plaintiff's hours reduced after she worked those hours, but Defendant illegally denied Plaintiff tips she earned from customers she served.

28. Indeed, members of management regularly pocketed 100% of the tips from orders served by Plaintiff.

29. Defendant's management should not have been included in the tip-pool.

30. Defendant failed to pay Plaintiff minimum wage for all hours worked.

31. Further, by inappropriately allowing management to participate in the employee tip pool, Defendant is responsible for paying Plaintiff the difference between what Plaintiff earned and the Florida minimum wage.

32. Defendant failed to pay Plaintiff all appropriate tips.

33. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

34. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful and/or reckless.

**COUNT I - RECOVERY OF UNPAID COMPENSATION AND TIPS**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above and further asserts:

36. Plaintiff worked for Defendant from October 2018 until November 2022 as an hourly paid employee for Defendant's businesses located in Orlando, Florida.

37. Defendant is an employer doing business in the state of Florida, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

38. Throughout Plaintiff's employment, Defendant repeatedly and willfully violated Section 206 and Section 215 of the FLSA by failing to

compensate Plaintiff at the minimum wage for *all* hours worked over forty in a workweek.

39. Defendant failed to pay Plaintiff all appropriate tips.

40. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands:

a) judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate her;

b) liquidated damages and/or interest;

c) reasonable attorneys' fees and costs incurred in this action;

d) and all further relief that this Court determines to be just and appropriate.

e) trial by a jury of Plaintiff's peers.

Dated this 16th day of May 2022.

                                            Respectfully submitted,

                                            ***s/ Julien W. Maynard, Esq.***
                                            **Anthony J. Hall, Esq.**
                                            FL Bar No. 40924
                                            **Julien W. Maynard, Esq. – LEAD** COUNSEL
                                            FL Bar No. 1035332
                                            THE LEACH FIRM, P.A.

631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***