IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF FLORIDA

SHERYL DEMELLO-EDDY,

      Plaintiff,

v.

MAC ACQUISITION OF DELAWARE d/b/a ROMANO'S MACARONI GRILL, a Foreign Limited Liability Company, and DRG EMPLOYER, LLC d/b/a ROMANO'S MACARONI GRILL, a Foreign Limited Liability Company,

      Defendants.
_____/

Case No.: 6:23-CV-909-PGB-RMN

## JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

The Parties, by and through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement and for dismissal, with prejudice, of the instant action. In further support hereof, the Parties state the following:

    1.    Plaintiff SHERYL DEMELLO-EDDY, a former employee of Defendants MAC ACQUISITION OF DELAWARE, LLC d/b/a ROMANO'S MACARONI GRILL and DRG EMPLOYER, LLC d/b/a ROMANO'S MACARONI GRILL, filed the instant lawsuit in the Middle District of Florida, on May 16, 2023 [Doc. 1].

1

2. Plaintiff contends in her Complaint and Demand for Jury Trial that Defendant illegally denied tip wages and altered her timesheets by reducing the number of hours Plaintiff worked. As a consequence, Plaintiff claims she was not paid at least the minimum wage for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. Plaintiff estimates that she was owed $10,464.00 in unpaid wages. She further claims she would be owed an additional $10,464.00 in liquidated damages, for a total of $20,928.00, excluding attorneys' fees and costs.

4. Defendants deny any amounts are owed as Plaintiff was properly paid for the amount of time Plaintiff worked and properly paid all tips.

5. Plaintiff calculated the alleged owed lost wages pursuant to Plaintiff's paystubs and timesheets.

6. To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to Plaintiff's FLSA claims.

7. After a full review of the facts and information, the Parties agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

8. The Parties state that they have not entered into any agreements whatsoever that have not been disclosed to the Court.

## **MEMORANDUM OF LAW**

There are two ways in which claims for wage compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

## I.   THE SETTLEMENT

The Settlement Agreement is attached hereto as **Exhibit 1**. Under the terms of the Settlement Agreement, Defendants shall pay Plaintiff $12,517.36 in allegedly unpaid wage and tip compensation and liquidated damages as consideration for the release.

The settlement also provides that Defendants will pay Plaintiff's counsel the sum total of $5,982.64 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II.   ALL FACTORS RELEVANT TO THE "FAIRNESS" OF THE SETTLEMENT WEIGH IN FAVOR OF APPROVAL

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point for FLSA settlements, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

4

*Id.* at 1241 (citations omitted). Here, all of the aforementioned factors weigh in favor of approval of the settlement.

### a. *There is no fraud or collusion behind the settlement*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. The Parties met in person as well as via telephone conference and e-mail to discuss their respective positions. The Parties exchanged documents related to Plaintiff's pay records in an effort to calculate his alleged unpaid wages. Most importantly, the settlement amount was agreed upon by the Parties and considered to be fair and reasonable. Thus, there was no fraud or collusion behind the settlement.

### b. *The complexity, expense, and length of future litigation militate in favor of the settlement*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. A trial would not take place for at least a year. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

### c. *The stage of the litigation weighs in favor of approval of the settlement*

This case is still in its very early stages. The Parties mutually agreed that Defendants would pay Plaintiff a total of $12,517.36. If the Parties are required to litigate, both sides will likely incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Expending funds exceeding the amount demanded will render the purpose of litigation to be futile. Thus, the current stage of the litigation weighs in favor of approval of the settlement.

### d. *Plaintiff's probability of success on the merits is uncertain*

Plaintiff's probability of success on the merits is not a certainty. Defendants deny Plaintiff's allegations as it is Defendants' position that Plaintiff was properly paid for all time worked and properly paid all tips. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendants will establish they fully paid all overtime and Plaintiff will recover nothing.

### e. *The Parties weighed the opinions of counsel in deciding whether to settle*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle. After multiple conferences with Plaintiff regarding time records, pay stubs, and wage calculations, the settlement amount was deemed to be fair and reasonable. Counsel provided Plaintiff with

a detailed breakdown of all amounts owed, which was presented to Defendants' counsel. After several discussions between the Parties', a joint settlement was reached.

### III. THE ATTORNEYS' FEES TO BE PAID AS PART OF THE SETTLEMENT ARE FAIR AND REASONABLE

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243. Such is the case here. The fees and costs to be paid under this settlement to Plaintiff's' counsel, $5,982.64, was negotiated separately from the amount to be paid to Plaintiff. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

### IV. THE RELEASE AND NON-DISPARAGEMENT PROVISIONS ARE FAIR AND REASONABLE

The release and non-disparagement provisions are fair and reasonable under the law. The release provision is fair and reasonable because it is constrained to claims regarding alleged wage and hour violations. *See Bright*

7

*v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-CV-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012). The parties have not included a confidentiality provision. *See Housen v. Econosweep & Maint. Servs.*, 2013 U.S. Dist. LEXIS 79706 (M.D. Fla. May 24, 2013). The non-disparagement provision is fair and reasonable as it only prohibits statements that are defamatory or maliciously untrue, and, as such, no independent consideration is necessary to prohibit otherwise actionably defamatory statements. *See Weldon v. Backwoods Steakhouse, Inc.*, 2014 U.S. Dist. LEXIS 123285 (M.D. Fla. July 15, 2014). Therefore, the general release and non-disparagement provisions are fair and reasonable.

## CONCLUSION

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

**WHEREFORE**, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Dated this 25th day of October, 2023.

Respectfully submitted,

| | |
|---|---|
| *s/Anthony J. Hall* | *s/Nikolas S. Dean* |
| Anthony J. Hall, Esq. | Nikolas S. Dean, Esq. |
| FL Bar No. 40924 | FL Bar No. 1025362 |
| THE LEACH FIRM, P.A. | JACKSON LEWIS P.C. |
| 631 S. Orlando Avenue, Suite 300 | 390 North Orange Avenue |
| Winter Park, FL 32789 | Suite 1285 |
| Telephone: (407) 574-4999 | Orlando, Florida 32801 |
| Facsimile: (833) 813-7512 | Telephone: (407) 246-8440 |
| Email: ahall@theleachfirm.com | Facsimile: (407) 246-8441 |
| Email: yhernandez@theleachfirm.com | Email: Nikolas.Dean@jacksonlewis.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of October, 2023, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Anthony J. Hall*
Anthony J. Hall, Esq.