# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHERYL DEMELLO-EDDY,

    Plaintiff,

v.

MAC ACQUISITION OF DELAWARE LLC; and DRG EMPLOYER LLC,

    Defendants.

Case No. 6:23-cv-909-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the parties' Joint Motion to Approve FLSA Settlement, Dkt. 29, filed October 25, 2023. Upon consideration, the Motion is due to be denied without prejudice.

## I. BACKGROUND

On May 16, 2023, Plaintiff Sheryl Demello-Eddy filed a Complaint against Defendants MAC Acquisition of Delaware LLC, and DRG Employer LLC (d/b/a Romano's Macaroni Grill), and filed an Amended Complaint on August 15, 2023, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 19. Plaintiff alleges that Defendants failed to pay her at least minimum wage for any services rendered. Dkt. 19 at ¶ 26.

On October 25, 2023, the parties successfully filed the instant joint motion to approve the settlement terms. Dkt. 29. Under the terms of the proposed settlement agreement ("Agreement"), Plaintiff will receive $6,258.68 for alleged unpaid wages, and $6,258.68 in liquidated damages. Dkt. 29-1 at ¶ 2. Plaintiff's counsel will receive $5,982.64 for attorney's fees and costs. *Id.* The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 29 at 8.

## II. LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption

in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

### III.  ANALYSIS

The proposed FLSA Settlement Agreement contains one flaw. It contemplates that it may be modified by writing. *See* Dkt. 29-1 at ¶ 13 ("No change, modification, or waiver of any provision of this Agreement shall be valid unless in writing and signed by each of the parties."). The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already approved agreement. The provision must be removed. Until then, the Court cannot approve the proposed Agreement.

For this reason, it is **ORDERED** that the Joint Motion for Settlement Approval (Dkt. 29) is **DENIED without prejudice**. A renewed motion, which

shall be filed on or before **December 6, 2023**, must address the issue outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida, on November 20, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record