## IN THE UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF FLORIDA

**SHERYL DEMELLO-EDDY,**

      **Plaintiff,**

           **v.**

**MAC ACQUISITION OF**          **Case No.: 6:23-CV-909-PGB-**
**DELAWARE d/b/a ROMANO'S**    **RMN**
**MACARONI GRILL, a Foreign**
**Limited Liability Company, and**
**DRG EMPLOYER, LLC d/b/a**
**ROMANO'S MACARONI GRILL, a**
**Foreign Limited Liability**
**Company,**

      **Defendants.**

_____/

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

The Parties, by and through their undersigned counsel, renew their joint motion for Court approval of the mutually agreed-upon terms of settlement and for dismissal, with prejudice, of the instant action. In further support hereof, the Parties state the following:

1.    Plaintiff SHERYL DEMELLO-EDDY, a former employee of Defendants MAC ACQUISITION OF DELAWARE, LLC d/b/a ROMANO'S MACARONI GRILL and DRG EMPLOYER, LLC d/b/a ROMANO'S MACARONI GRILL, filed the instant lawsuit in the Middle District of Florida, on May 16, 2023 [Doc. 1].

2.      Plaintiff contends in her Complaint and Demand for Jury Trial that Defendant illegally denied tip wages and altered her timesheets by reducing the number of hours Plaintiff worked. As a consequence, Plaintiff claims she was not paid at least the minimum wage for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3.      Plaintiff estimates that she was owed $10,464.00 in unpaid wages. She further claims she would be owed an additional $10,464.00 in liquidated damages, for a total of $20,928.00, excluding attorneys' fees and costs.

4.      Defendants deny any amounts are owed as Plaintiff was properly paid for the amount of time Plaintiff worked and properly paid all tips.

5.      Plaintiff calculated the alleged owed lost wages pursuant to Plaintiff's paystubs and timesheets.

6.      To avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice as to Plaintiff's FLSA claims.

7.      After a full review of the facts and information, the Parties agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

8.      The Parties state that they have not entered into any agreements whatsoever that have not been disclosed to the Court.

## MEMORANDUM OF LAW

There are two ways in which claims for wage compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

## I.   <u>THE SETTLEMENT</u>

The Settlement Agreement is attached hereto as **Exhibit 1**. Under the terms of the Settlement Agreement, Defendants shall pay Plaintiff $12,517.36 in allegedly unpaid wage and tip compensation and liquidated damages as consideration for the release.

The settlement also provides that Defendants will pay Plaintiff's counsel the sum total of $5,982.64 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## II.   <u>ALL FACTORS RELEVANT TO THE "FAIRNESS" OF THE SETTLEMENT WEIGH IN FAVOR OF APPROVAL</u>

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010). This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point for FLSA settlements, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

4

*Id.* at 1241 (citations omitted). Here, all of the aforementioned factors weigh in favor of approval of the settlement.

### a.   <u>There is no fraud or collusion behind the settlement</u>

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims.  The Parties met in person as well as via telephone conference and e-mail to discuss their respective positions. The Parties exchanged documents related to Plaintiff's pay records in an effort to calculate his alleged unpaid wages. Most importantly, the settlement amount was agreed upon by the Parties and considered to be fair and reasonable. Thus, there was no fraud or collusion behind the settlement.

### b.   <u>The complexity, expense, and length of future litigation militate in favor of the settlement</u>

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees.  A trial would not take place for at least a year. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

### c. *The stage of the litigation weighs in favor of approval of the settlement*

This case is still in its very early stages. The Parties mutually agreed that Defendants would pay Plaintiff a total of $12,517.36. If the Parties are required to litigate, both sides will likely incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Expending funds exceeding the amount demanded will render the purpose of litigation to be futile. Thus, the current stage of the litigation weighs in favor of approval of the settlement.

### d. *Plaintiff's probability of success on the merits is uncertain*

Plaintiff's probability of success on the merits is not a certainty. Defendants deny Plaintiff's allegations as it is Defendants' position that Plaintiff was properly paid for all time worked and properly paid all tips. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendants will establish they fully paid all overtime and Plaintiff will recover nothing.

### e. *The Parties weighed the opinions of counsel in deciding whether to settle*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle. After multiple conferences with Plaintiff regarding time records, pay stubs, and wage calculations, the settlement amount was deemed to be fair and reasonable. Counsel provided Plaintiff with

a detailed breakdown of all amounts owed, which was presented to Defendants' counsel. After several discussions between the Parties', a joint settlement was reached.

### III.   THE ATTORNEYS' FEES TO BE PAID AS PART OF THE SETTLEMENT ARE FAIR AND REASONABLE

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243. Such is the case here. The fees and costs to be paid under this settlement to Plaintiff's' counsel, $5,982.64, was negotiated separately from the amount to be paid to Plaintiff. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

### IV.   THE    RELEASE    AND    NON-DISPARAGEMENT PROVISIONS ARE FAIR AND REASONABLE

The release and non-disparagement provisions are fair and reasonable under the law.  The release provision is fair and reasonable because it is constrained to claims regarding alleged wage and hour violations.  *See Bright*

*v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-CV-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012).  The parties have not included a confidentiality provision.  *See Housen v. Econosweep & Maint. Servs.*, 2013 U.S. Dist. LEXIS 79706 (M.D. Fla. May 24, 2013).  The non-disparagement provision is fair and reasonable as it only prohibits statements that are defamatory or maliciously untrue, and, as such, no independent consideration is necessary to prohibit otherwise actionably defamatory statements.  *See Weldon v. Backwoods Steakhouse, Inc.*, 2014 U.S. Dist. LEXIS 123285 (M.D. Fla. July 15, 2014).  Therefore, the general release and non-disparagement provisions are fair and reasonable.

## V.    THE MODIFICATION CLAUSE IN THE SETTLEMENT AGREEMENT HAS BEEN DELETED

On October 25, 2023, Plaintiff and Defendants filed their Joint Motion to Approve FLSA Settlement [ECF No. 29].  On November 20, 2023, the Court entered an Order denying without prejudice the Joint Motion to Approve [ECF No. 35] as the Settlement Agreement contained a modification clause allowing the Settlement Agreement to be amended in writing after approval under paragraph 13.  As such, the modification provision referenced in the Court's November 20, 2023 Order has been deleted from paragraph 13.

## CONCLUSION

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval. Further, the issue referenced in the Court's November 20, 2023 Order [ECF No. 35] has been addressed as the modification provision has been deleted from the Settlement Agreement.

**WHEREFORE**, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Dated this 1st day of December, 2023.

Respectfully submitted,

| | |
|---|---|
| **_s/Anthony J. Hall, Esq._** | **_s/Nikolas S. Dean, Esq._** |
| Anthony J. Hall, Esq. | Nikolas S. Dean, Esq. |
| FL Bar No. 40924 | FL Bar No. 1025362 |
| THE LEACH FIRM, P.A. | JACKSON LEWIS P.C. |
| 631 S. Orlando Avenue, Suite 300 | 390 North Orange Avenue |
| Winter Park, FL 32789 | Suite 1285 |
| Telephone: (407) 574-4999 | Orlando, Florida 32801 |
| Facsimile: (833) 813-7512 | Telephone: (407) 246-8440 |
| Email: ahall@theleachfirm.com | Facsimilie: (407) 246-8441 |
| Email: | Email: |
| yhernandez@theleachfirm.com | Nikolas.Dean@jacksonlewis.com |
| | |
| **_Attorney for Plaintiff_** | **_Attorney for Defendant_** |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of December, 2023, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                          *s/Nikolas S. Dean*
                          **Nikolas S. Dean, Esq.**

4877-1552-9364, v. 1

# Exhibit "1"

1

## <u>SETTLEMENT AGREEMENT</u>
## <u>AND RELEASE</u>

This Settlement Agreement and General Release (hereinafter "the Agreement") is entered into by and between SHERYL DEMELLO ("DEMELLO") and MAC Acquisition of Delaware, LLC and DRG Employer, LLC d/b/a Macaroni Grill. ("MACARONI GRILL"), as follows:

**WHEREAS** DEMELLO was employed by MACARONI GRILL from October 2018, until her separation in April 2022. DEMELLO made claims alleging wage and tip violations pursuant to the FAIR LABOR STANDARDS ACT (FLSA).

**WHEREAS**, On July 18, 2022, DEMELLO, by and through her legal counsel, asserted her intent to bring these claims (the "Claims") against MACARONI GRILL for alleged violations.

**WHEREAS,** DEMELLO filed her initial Complaint on May 16, 2023, in the United States District Court Middle District of Florida, Orlando Division [D.E. 1]. Plaintiff filed her Amended Complaint [D.E. 19] in the same Court on August 15, 2023.

**WHEREAS,** Defendant responded with its Answers on July 12, 2023, and August 29, 2023, respectively, denying several allegations and raising multiple affirmative defenses.

**WHEREAS,** On September 20, 2023, DEMELLO and MACARONI GRILL each determined that their respective interests would best be served by resolving all wage and hour claims that DEMELLO may have against MACARONI GRILL without any further proceedings.

2

**NOW THEREFORE,** in consideration of the completion of the terms outlined herein, the receipt and sufficiency of which are acknowledged, the parties agree as follows:

1.    MACARONI GRILL agrees that it, or others on its behalf, shall pay DEMELLO a total sum of EIGHTEEN THOUSAND, FIVE HUNDRED DOLLARS ($18,500.00), within fourteen (14) calendar days of MACARONI GRILL receiving an executed copy of this Agreement and after Court approval of this Agreement, as full and complete settlement and satisfaction of any and all wage and hour claims DEMELLO has or may have had against MACARONI GRILL, its subsidiaries, successors and affiliates, and its and their current and former directors, officers, employees, representatives, insurers, agents and attorneys, or assigns, both individually and collectively (hereinafter collectively referred to as "the Released Parties" or "Releasees"), including but not limited to any and all claims for damages, attorneys' fees, costs, and any relief that DEMELLO may have been entitled to related to her employment with MACARONI GRILL and in the future regarding alleged wage and hour violations, including but not limited to all federal, state, and local wage and hours laws, rules, or regulations including the Fair Labor and Standards Act, the Florida Minimum Wage Act, Florida Wage Discrimination Law, Fla. Stat. §448.07, Florida Equal Pay Law, Fla. Stat. §725.07, Florida Wage Payment and Minimum Wage Statutes, Fla. Stat. §§ 448.01-448.08.

2.    The above-referenced amount shall be paid in three (3) checks; one check for alleged unpaid wages in the amount of SIX THOUSAND, TWO HUNDRED FIFTY EIGHT DOLLARS and 68/100 ($6,258.68) made payable to SHERYL DEMELLO less

3

applicable payroll/tax withholdings, for which an IRS Form W-2 shall be issued to SHERYL DEMELLO; a second check for alleged liquidated damages in the amount of SIX THOUSAND, TWO HUNDRED FIFTY EIGHT DOLLARS and 68/100 ($6,258.68) made payable to SHERYL DEMELLO, without deductions and for which an IRS Form 1099-MISC shall be issued to SHERYL DEMELLO; and a third  check as alleged "Attorney's Fees and Costs" in the amount of FIVE THOUSAND, NINE HUNDRED EIGHTY TWO DOLLARS AND 64/100 ($5,982.64) made payable to THE LEACH FIRM, P.A., all checks should be mailed to: **THE LEACH FIRM, C/O YOLANDA HERNANDEZ & ANTHONY HALL, 1560 N ORANGE AVE, SUITE 500, WINTER PARK, FL 32789**, for which an IRS Form 1099-MISC shall be issued to Plaintiff's counsel.

3.     SHERYL DEMELLO understands and agrees that Releasees are providing SHERYL DEMELLO with no representations regarding tax obligations or consequences that may arise from this Agreement.   SHERYL DEMELLO, and her dependents, successors, assigns, heirs, executors, and administrators agree to indemnify and hold Releasees harmless for the amount of any taxes, penalties, or interest that may be assessed by any governmental tax authority against Releasees in connection with such governmental authority's determination that Releasees was required to, but failed to, withhold or report the correct amount of income or employment taxes from the payments made to SHERYL DEMELLO or SHERYL DEMELLO's counsel pursuant to paragraph 2 of this Agreement.  SHERYL DEMELLO agrees that SHERYL DEMELLO shall indemnify Releasees for the full amount of such liability as it relates to SHERYL DEMELLO's share

4

of taxes within thirty (30) days after receipt of notice from Releasees of the assessment of such taxes, penalties, or interests.

4.      The payment of the settlement amounts referenced in paragraph 2 of this Agreement shall occur only after Court approval of this Agreement, receipt of the executed original of this Agreement, and receipt of an Internal Revenue Service Form W-9 executed by DEMELLO and The Leach Firm, P.A., are first returned to MACARONI GRILL'S counsel in this matter.

5.      DISMISSAL OF ACTION:  Within ten (10) calendar days of receipt of the Settlement Payments in cleared funds, Plaintiff shall file a Stipulation of Dismissal with prejudice of the Litigation, **Case No.: 6:23-cv-909-PGB-RMN**, with the Court.

6.      In exchange for the payment of monetary compensation described in Paragraph 1 above, DEMELLO releases the Released Parties from any and all manner of actions, suits, liens, debts, damages, injuries, claims and demands whatsoever, at law or in equity, arising out of or under any federal, state, or local law, statute, ordinance, public policy, Executive Order, or constitutional provision, or concerning any other claim of any type regarding alleged wage and hour violations, which DEMELLO may now have or which DEMELLO may have had prior to the date she executes this Agreement, to the maximum extent permitted by law, including but not limited to the claims listed in paragraph 2. Further, DEMELLO attests that she is unaware of any unreleased claims that she has against MACARONI GRILL.

7.      DEMELLO and MACARONI GRILL recognize and agree that execution of this Agreement and compliance with it by MACARONI GRILL constitutes a total

5

settlement and release of all claims against the Released Parties ever made by, or available to, DEMELLO regarding alleged wage and hour violations as of the date of this Agreement.

8.    DEMELLO acknowledges that she has entered into this Agreement voluntarily with full understanding of its terms and conditions; that she has been represented by competent legal counsel of her own choosing throughout the negotiations leading to her entry into this Agreement; and, that she has been advised regarding her rights. In the event that DEMELLO shall ever commence any action against the Released Parties seeking to avoid her obligations under this Agreement, DEMELLO further acknowledges and agrees that all the other obligations under this Agreement shall otherwise remain in full force and effect.

9.    Neither this Agreement, nor anything contained herein, or anything represented or averred by DEMELLO or MACARONI GRILL is to be construed as an admission by MACARONI GRILL of any liability, wrongdoing, or unlawful conduct whatsoever. It is further understood and agreed that this Agreement is the compromise of a disputed claim, and that MACARONI GRILL expressly denies any liability for the acts complained of by DEMELLO, and that this Agreement is intended merely to avoid litigation and, once and for all, to end any wage and hour dispute between DEMELLO and MACARONI GRILL. The parties agree not to use or introduce this Agreement into evidence in any legal proceeding except a proceeding to approve or enforce this Agreement.

6

10.    DEMELLO covenants and agrees, except as required by law, never to commence, aid in any way, or prosecute any action or any proceeding against the Released Parties for her own behalf based upon any claims, demands, causes of action, obligations, damages, or liabilities of any kind regarding alleged wage and hour violations; provided that this provision shall not operate as a bar to a proper cause of action by DEMELLO based solely upon future conduct of the Released Parties occurring beyond the effective date of this Agreement that is totally unrelated to DEMELLO'S claims that are the subject of this Agreement.

11.    DEMELLO agrees that the only consideration provided to her by MACARONI GRILL for entering into this Agreement is that stated herein; that no other promises or inducements of any kind have been made to him by any person or entity to cause him to execute this Agreement; and, that she fully understands its meaning and intent including but not limited to its final and binding effect. DEMELLO acknowledges that no oral representations have been made to her by MACARONI GRILL or its legal counsel regarding the terms of this Agreement including the tax implications (if any) of any payment made pursuant to this Agreement.

12.    DEMELLO and MACARONI GRILL agree that aside from the amount of settlement, each party shall bear their or its own attorneys' fees and costs incurred in connection with this matter including the preparation, review of, and entry into this Agreement.

13.    This Agreement contains and constitutes the entire agreement, understanding, and stipulation of the parties with respect to the matters contemplated

7

herein and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. The terms of this Agreement are contractual, not a mere recital, and may be enforced.

14.    This Agreement shall be construed in accordance with the laws of the State of Florida; venue for enforcement of this Agreement is a court of competent jurisdiction within Orange County, Florida.

15.    The provisions of this Agreement are severable and if any part of it is found to be void or unenforceable the remaining provisions shall remain fully valid and enforceable.

16.    The Parties agree that the language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. No ambiguity or uncertainty in this Agreement shall be interpreted in favor of or against any Party.

17.    The parties agree that no waiver of any breach of any provision or term of this Agreement shall be deemed to constitute consent to any continuation of such breach, act, or omission.

18.    DEMELLO warrants and represents that she is fully entitled to give this complete release and discharge; that there are no liens or claims of lien or assignment in law or equity or otherwise of or against the claim or cause of action; and, that she is fully aware of all facts and rights to her claims.

SETTLEMENT AGREEMENT AND
RELEASE

8

19.     This Agreement may be executed in one or more counterparts each of which shall be deemed an original and all of which shall constitute one and the same instrument.

20.     DEMELLO agrees that this Agreement shall be binding upon her heirs, executors, administrators, successors, and assigns.

21.     MACARONI GRILL and DEMELLO agree and recognize that DEMELLO'S employment relationship with MACARONI GRILL has been permanent and irrevocably severed, and she will not seek, apply for, or accept any type of employment by Company or entity included as Releasee. DEMELLO further agrees that if she does apply for employment, her application may be rejected under this Agreement. DEMELLO agrees that failure to reinstate or hire her in the future will not subject Company or Releasees to liability of any kind. Should DEMELLO ever become employed by the Released Parties, DEMELLO shall immediately resign from her employment upon the realization of her being hired by the Released Parties. Upon MACARONI GRILLS'S discovery of DEMELLO's hire, MACARONI GRILL may terminate DEMELLO's employment effective immediately.

22.     MACARONI GRILL agrees to provide a neutral reference for DEMELLO to include dates of employment, title of position, responsibilities, and wages.

23.     All notices, requests, or other communications hereunder shall be in writing and shall be deemed to have been duly given when delivered in person; by expedited delivery service; when posted by United States registered or certified mail, postage prepaid; or, when transmitted via electronic mail, facsimile, telex, cable, or any other

9

mechanical form of written communication, confirmed by mail, postage prepaid, to the last known address of the party.

24.    Each Party herein agrees to refrain from Disparaging (as defined below) the other parties and its affiliates, including, any of the services, technologies, or practices, or their respective directors, officers, agents, representatives, or owners, either orally or in writing. Nothing in this Section shall preclude either Party from making truthful statements that are reasonably necessary to comply with applicable law, regulation, or legal process, or to defend or enforce a Party's rights under this Agreement. For purposes of this Agreement, "Disparaging" shall mean remarks, comments, or statements, whether written or oral, that are maliciously untrue or defamatory.

25.    DEMELLO shall not directly or indirectly, solicit, call, text, contact, or in any sort of manner communicate with MACARONI GRILL or its agents and employees, from here on or in the future.

**THE UNDERSIGNED, HAVING READ AND UNDERSTOOD THIS RELEASE, VOLUNTARILY AND OF HER OWN FREE WILL, AGREES TO ALL OF ITS PROVISIONS**.

**SHERYL DEMELLO**

Date: _____11/22/2023_____

By: _Nicole Tripps_
**Nicole Tripps**

SETTLEMENT AGREEMENT AND
RELEASE

10

For **MACARONI GRILL & COMPANY**


Date: ___11/27/23_____

11

4890-8347-8914, v. 1

SETTLEMENT AGREEMENT AND
RELEASE