**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERYL DEMELLO-EDDY,

    Plaintiff,

v.

MAC ACQUISITION OF
DELAWARE LLC; and DRG
EMPLOYER LLC,

    Defendants.

Case No. 6:23-cv-909-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the parties' Renewed Joint Motion for Approval of Settlement (Dkt. 36), filed December 1, 2023. Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

On May 16, 2023, Plaintiff Sheryl Demello-Eddy filed a Complaint against Defendants MAC Acquisition of Delaware LLC, and DRG Employer LLC (d/b/a Romano's Macaroni Grill), and filed an Amended Complaint on August 15, 2023, alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 19. Plaintiff alleges that Defendants failed to pay her at least minimum wage for any services rendered. Dkt. 19 at ¶ 26.

On October 25, 2023, the parties filed their initial joint motion to approve the settlement terms, Dkt. 29, which the Court denied because the proposed settlement agreement contemplated that it may be modified by writing, which circumvented *Lynn's Food* review by this Court. *See* Dkt. 35. On December 1, 2023, the parties filed a renewed motion for settlement approval, which contained a revised Settlement Agreement. Dkt. 36. The parties inform the undersigned that they have addressed the issue discussed above and have negotiated a settlement of Plaintiff's claim. Under the terms of the settlement agreement, Plaintiff will receive $6,258.68 for alleged unpaid wages, and $6,258.68 in liquidated damages. Dkt. 36 at 14. Plaintiff's counsel will receive $5,982.64 for attorney's fees and costs. *Id.* The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. *Id.* at 9.

## II.  LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;

    (5)   the range of possible recovery; and
    (6)   the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III.  ANALYSIS

### A.  The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of her claims is fair and reasonable. 679 F.2d at 1354-55. Plaintiff estimates that she is owed about $10,464.00 in unpaid wages and an additional $10,464.00 in liquidated damages for her FLSA claims. Dkt. 22 at 2. Because Plaintiff is receiving less than the amount she claimed, she has compromised her FLSA claim.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. The agreement was reached after a successful negotiation by represented parties in good faith to resolve an uncertain case. Dkt. 36 at 2. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of her original claim, the undersigned finds the settlement amount fair and reasonable. The undersigned therefore finds the consideration being paid to Plaintiff to resolve her FLSA claim is fair and reasonable.

### B. The revised settlement agreement does not contain any problematic clauses.

The parties have agreed to remove the provision that contemplated a written revision of the Agreement. *Id.* at 8. The parties therefore agree that the Agreement is in final form, with no opportunity for amendment or modification. Thus, this clause no longer impedes the Agreement from being fair and reasonable.

### C. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $5,982.64 in fees and costs that include the filing of this action, the parties represent that they were negotiated separately from Plaintiffs'

recovery. *Id.* at 7. The Court finds that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff.[2] *See Bonetti*, 715 F. Supp. 2d at 1228.

The Court therefore approves $5,500.00 in attorney's fees and $482.64 in costs.

## IV. CONCLUSION

In view of the above, the Court concludes that the proposed settlement agreement is fair and reasonable. It is therefore **ORDERED**:

1. The Joint Motion for Approval of Settlement (Dkt. 36) is **GRANTED**;

2. This case is dismissed with prejudice; and

3. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on December 6, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

---

[2] The negotiated fee represents more than a 57 percent discount based on counsel's rate and the work performed. Because the work performed is reasonable and was reasonably assigned, the negotiated fee is less than loadstar based on prevailing rates in this locality.

Copies to:

Counsel of Record